# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATEI TOMOIAGE, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 14 C 333 |
| | ) |
| NEWTON XPRESS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to transfer. For the reasons stated below, the motion to transfer is granted.

## BACKGROUND

Plaintiffs allege that on November 3, 2013, Defendant Javier Matute (Matute) was working for Defendant Newton XPress, LLC (Xpress) and Defendant Martin Transportation Systems, Inc. (Martin) as truck driver. Matute allegedly acted in a negligent manner and caused a traffic accident (Accident) on a highway near Watson, Illinois. In the Accident, Matei Tomoiage, Jr. and Dyana Tomoiage were killed. Plaintiffs brought the instant action and include in the complaint negligence claims, wrongful death claims, and survival action claims brought against Matute,

1

Xpress, and Martin. Defendants move to transfer the instant action to the United States District Court for the Southern District of Illinois, Eastern Division.

**LEGAL STANDARD**

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses," and if it is "in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district. *See* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

**DISCUSSION**

Defendants move to transfer the instant action to the Southern District of Illinois. The parties have not disputed that the Northern District of Illinois and the Southern District of Illinois are proper venues. (Mem. Trans. 2); (Ans. 1-5).

I. Plaintiffs' Choice of Forum

Plaintiffs argue that their choice of forum is entitled to deference. In considering whether to transfer an action, the court should "give some weight to the

plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Plaintiffs argue that since they reside in the Chicago area, their choice of forum should be given deference. While the court has given deference to Plaintiffs' choice of the instant forum, Plaintiffs' choice is not dispositive, particularly in a case such as this where there are limited connections to the Northern District of Illinois, and much more significant connections elsewhere.

II. Convenience of Parties and Witnesses

Defendants argue that the convenience of the parties and witnesses would be best served by a transfer of the instant action to the Southern District of Illinois. The record reflects that the responding police department, paramedics and accident re-constructionists are also located in the Southern District of Illinois. As to Matute, Plaintiffs contend that he lives in Connecticut and thus he will need to travel to Illinois and there has been no showing that it would be a severe inconvenience for him to travel to the Southern District of Illinois. Plaintiffs have not specifically identified any medical providers or other witnesses that are present in the Northern District of Illinois. The Southern District of Illinois is relatively close in proximity to the Chicago area, where Plaintiffs reside and they have not pointed to any

3

exceptional circumstances that would show that traveling to the Southern District of Illinois would be overly burdensome. Thus, the convenience of the parties and witnesses would clearly be best served by a transfer of the instant action to the Southern District of Illinois.

III. Interest of Justice

Defendants contend that the interest of justice would be promoted by a transfer to the Southern District of Illinois. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

The record reflects that the accident scene is located in Effingham County, which is in the Southern District of Illinois. The record also indicates that there are

4

extensive records and witnesses relevant to this case in that district. Defendants have shown that this action could be handled more efficiently in the Southern District of Illinois. This case has many close connections with the Southern District of Illinois and limited connections with Northern District of Illinois. Thus, the interest of justice factor clearly favors a transfer. Therefore, based on the above, the Southern District of Illinois is clearly a more convenient forum and the motion to transfer is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to transfer the instant action to the United States District Court for the Southern District of Illinois, Eastern Division is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 12, 2014